# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Roland Antonio Black, | Case No. 26-cv-1805 (JMB/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden, Federal Correctional Institution, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

In a letter dated March 10, 2026, the Clerk of Court directed petitioner Roland Antonio Black to pay the filing fee for this matter or apply for in forma pauperis ("IFP") status. See Docket No. 2. Petitioner was warned that if he did not pay the filing fee for this matter or apply for IFP status within fifteen days, this matter could be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

That deadline has now passed, and Petitioner has not submitted an IFP application or paid the filing fee in this matter. In fact, Petitioner has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, consistent with the warning previously given to Petitioner, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. See Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Finally, the Court notes that even if Petitioner had elected to prosecute this matter, dismissal of this proceeding would have been recommended. Petitioner acknowledges in this habeas petition that he did not complete the administrative remedy process made available by prison officials for his claims. See Petition at 2 [Docket No. 1]. The federal habeas corpus statute does not include an exhaustion requirement, see generally 28 U.S.C. § 2241, but courts have long required prisoners to exhaust administrative remedies made available by the Federal Bureau of Prisons ("BOP") before seeking habeas relief, see Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). Petitioner offers no good reason for having failed to complete the BOP's administrative-review process before seeking habeas corpus relief from a federal court. Had Petitioner elected to prosecute this action—or, alternatively, should Petitioner submit the filing fee for this matter or an IFP application before judgment is entered in this matter—it would be recommended that this matter be dismissed for failure to exhaust administrative remedies.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be **DISMISSED** for failure to prosecute or, alternatively, for failure to exhaust administrative remedies.

Dated: April 7, 2026                          s/Leo I. Brisbois
                                              Hon. Leo I. Brisbois
                                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the

Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  <u>See</u> Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).